IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNIE BAO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-03598 |
| v. | ) |
| | ) Honorable Judge Andrea R. Wood |
| NORTHWESTERN UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT NORTHWESTERN UNIVERSITY'S
MOTION TO COMPEL PLAINTIFF'S RESPONSES TO ITS DISCOVERY REQUESTS
AND TO EXTEND FACT DISCOVERY DEADLINE**

Defendant Northwestern University ("Defendant" or "Northwestern"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 33, 34, 37 and Local Rule 37.2, hereby submits its Motion to Compel Discovery Responses from Plaintiff and To Extend the Fact Discovery Deadline[1]. In support, Northwestern states as follows:

**BACKGROUND**

1. On November 28, 2023, the Court entered an order directing the parties to serve Rule 26(a)(1) initial disclosures and issue initial written discovery by December 8, 2023. (Dkt. No. 18.) The Court further ordered that fact discovery shall be completed by June 28, 2024 and dispositive motions shall be filed by November 29, 2024. (*Id.*)

2. On December 8, 2023, Northwestern timely issued separate sets of Interrogatories and Requests for Production and served its Rule 26(a)(1) initial disclosures on Plaintiff. *See* **Group Ex. A**, copies of Defendant's discovery requests.

---

[1] Plaintiff's counsel's paralegal advised that Plaintiff stipulates to the extension of the fact discovery deadline.

3. On December 9, 2023, Plaintiff issued her First Requests for Production and served her Rule 26(a)(1) initial disclosures on Northwestern. Plaintiff did not issue any interrogatories. In serving her document requests and initial disclosures, Plaintiff did not identify a reason as to why they were issued and served a day after the Court's deadline of December 8, 2023. (*See* Dkt. No. 18.)

4. Plaintiff's written discovery responses and document production were due January 8, 2024, and Northwestern's responses were due January 9, 2024. *See* Fed. R. Civ. P. 33 and 34.

5. On December 13, 2023, the parties mutually agreed to extend the deadline to serve discovery responses to February 7, 2024. *See* **Ex. B**, copy of email exchange between the parties' counsel regarding February 7, 2024 deadline.

6. On February 7, 2024, in compliance with the deadline mutually agreed upon between the parties, Northwestern served its Responses to Plaintiff's First Request for Production.

7. Plaintiff, however, failed to respond to Northwestern's written discovery requests, failed to produce documents, and did not seek any extension of time to respond.

8. On March 24, 2024, Northwestern's counsel contacted Plaintiff's counsel requesting a status update on Plaintiff's discovery responses and expectation as to when Northwestern would receive Plaintiff's responses. *See* **Ex. C**, copy of March 24, 2024 email from Northwestern's counsel to Plaintiff's counsel. Northwestern's counsel also noted that the Court had requested a joint status report to be filed on April 1. (*Id.*)

9. Not having received a response, Northwestern's counsel again emailed Plaintiff's counsel on March 31, 2024, requesting the status of Plaintiff's responses to Northwestern's discovery requests and noting that the parties were required to file a joint status report on April 1. *See* **Ex. D**, copy of March 31, 2024 email from Northwestern's counsel to Plaintiff's counsel.

10. Still not having received a response, Northwestern filed its own status report on April 1, 2024, indicating to the Court that Plaintiff's counsel had not responded to Northwestern's discovery requests or Northwestern's counsel's follow up emails. (Dkt. No. 26.)

11. On April 2, 2024, the day after the parties' joint status report was due, Plaintiff's counsel's paralegal emailed Northwestern's counsel advising that "emails from Jackson Lewis were going to Jacob's the [sic] spam folder" and the "issue is now resolved and we will be following up in short order." *See* **Ex. E**, copy of Plaintiff's counsel's paralegal's email of April 2, 2024.

12. Plaintiff's counsel never followed up with any indication that Plaintiff would respond to Northwestern's discovery requests.

13. As of April 26, 2024, Northwestern's counsel handling this matter at the time, Jeffrey Iles, was no longer working for Jackson Lewis.

14. On July 31, 2024, Northwestern's counsel emailed Plaintiff's counsel to advise that Northwestern had still not received Plaintiff's discovery responses, which were due February 7, and even in and after Plaintiff's counsel's paralegal's email on April 2, Plaintiff did not request an extension or provide a date as to when Northwestern should expect to receive Plaintiff's discovery responses. *See* **Ex. F**, copy of Northwestern's counsel's July 31, 2024 email to Plaintiff's counsel. Northwestern's counsel further asserted its intent to file a motion to extend the fact discovery deadline from June 28 to a date in the future that would allow the parties to complete fact discovery in time to keep the November 29, 2024 dispositive motion deadline, and that it would be forced to file a motion to compel if Plaintiff did not serve its responses. (*Id.*)

15. On August 6, 2024, Plaintiff's counsel's paralegal responded expressing Plaintiff's stipulation to a motion to extend the fact discovery deadline and that Plaintiff intends to "produce

3

discovery responses and have been delayed due to miscommunication with law office personnel and technological failure with email access that [they] are still currently addressing." *See* **Ex. G**, copy of Plaintiff's counsel's paralegal's August 6, 2024 email to Northwestern's counsel.

16. On August 8, 2024, Northwestern's counsel replied noting the stipulation, but asserting that Plaintiff's email was entirely inadequate as it did not identify a date certain for Plaintiff's responses and failed to excuse six months of delay or even provide a status update as to Plaintiff's responses. *See* **Ex. H**, copy of Northwestern's counsel's August 8, 2024 email to Plaintiff's counsel's paralegal.

17. To date, Plaintiff has not produced any written responses or documents in response to Northwestern's discovery requests dated December 8, 2023.

## ARGUMENT

18. Plaintiff's written discovery responses are overdue and no responsive documents have been provided. Plaintiff's responses were due February 7, 2024. (*See* Ex. B.) Plaintiff's counsel has also failed to respond to or outright refused to provide any status update or have a discussion regarding the status of Plaintiff's discovery responses. In fact, Northwestern has not received any communications directly from Plaintiff's counsel since December 13, 2023 when the Parties mutually agreed to extend the discovery response deadline to February 7. Since then, the minimal communications Northwestern's counsel has received from Plaintiff's counsel's office have been from his paralegal. (*See* Ex. E, Ex. G.)

19. The information being sought from Plaintiff—including, but not limited to, key information about Plaintiff's alleged complaints of discrimination and alleged violation of the FMLA and information about alleged damages and mitigation thereof—is discoverable under Fed.

R. Civ. Pro. 26(b) because it is relevant to the claims or defenses and proportional to the needs of the case. (*See* Ex. A.)

20. As it stands, Northwestern will be unable to complete fact discovery, or any Rule 37 follow-up, or to conduct depositions in time to comply with the Court's November 29, 2024 dispositive motion deadline unless the Court orders Plaintiff to fully and promptly respond to written discovery.

21. Fed. R. Civ. Pro. 33(b)(4) also provides that "[a]ny ground not stated in a *timely* objection is waived unless the court, for good cause shown, excuses the failure" (emphasis supplied); *see also* Fed. R. Civ. Pro. 34(b)(2).

22. Given that Plaintiff failed to provide any timely objections to Northwestern's interrogatories or document requests when the responses were due on February 7, 2024, and further failed to provide any responses or objections within the next six months, the Court should find that Plaintiff has waived all objections. *See Hangzhou Aoshuang E-Commerce Co. v. 008fashion*, No. 19-cv-4565, 2019 U.S. Dist. LEXIS 207725, at *10 (N.D. Ill. Dec. 3, 2019), *citing Buonauro v. City of Berwyn*, No. 08-c-6687, 2011 U.S. Dist. LEXIS 3387, at *4 (N.D. Ill. Jan. 10, 2011) (failure to object to request for production in timely manner is a waiver).

23. Accordingly, Northwestern requests that the Court enter an order granting this Motion to Compel in its entirety and ordering Plaintiff to fully respond to all outstanding discovery at the earliest possible date. *See VYSE Gelatin Co. v. Hicks*, No. 17-cv-2937, 2020 U.S. Dist. LEXIS 259783, at *3–*4 (N.D. Ill. Feb. 11, 2020) (granting motion to compel and subsequently finding objections were waived).

24. Moreover, in accordance with Fed. R. Civ. Pro. 37(a), Northwestern is entitled to its reasonable fees associated with bringing this motion. Rule 37 requires that if Northwestern's

motion is granted, the Court should "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. Pro. 37(a)(5); *see also VYSE Gelatin*, 2020 U.S. Dist. LEXIS at *28 (granting request for reasonable fees associated with discovery motions and ordering party to submit a fee request supported by documentation to substantiate fee award).

25. Accordingly, given the extensive delay in this case and the complete lack of any compliance with discovery protocols, Northwestern therefore requests that the Court grant its request and award its reasonable fees associated with bringing this motion, and any other relief the Court deems proper under Rule 37.

26. Given the delay, Northwestern also respectfully requests that this Court extend the fact discovery deadline until November 1, 2024. Northwestern asserts that if Plaintiff's counsel produces full and complete discovery responses promptly, and makes Plaintiff available for her deposition within the next 60 days, then the November 29, 2024 deadline to file dispositive motions need not be adjusted. However, if Plaintiff and her counsel do not cooperate by providing discovery responses and making Plaintiff available for her deposition, then Northwestern will have no choice but to request relief from the Court by way of an extension of the dispositive motion deadline.

27. Plaintiff's counsel advised Northwestern's counsel that Plaintiff stipulates to the extension of the fact discovery deadline.

WHEREFORE, for all the reasons stated herein, Northwestern requests that the Court grant its Motion to Compel, order Plaintiff to provide complete written discovery responses and document production at the earliest possible date, order her to appear for her deposition at a

mutually agreeable date no later than October 9, 2024, and extend the fact discovery deadline to November 1, 2024. Northwestern further requests that the Court issue a finding that Plaintiff has waived any objection to Northwestern's discovery requests, award Northwestern its reasonable fees associated with bringing this Motion, award any other available relief under Fed. R. Civ. Pro. 37, and grant such further relief as the Court deems proper.

                                      Respectfully submitted,

                                      **NORTHWESTERN UNIVERSITY**

                                      By: /s/ Monica H. Khetarpal
                                                One of its Attorneys

Monica H. Khetarpal
Raseq Moizuddin
Jackson Lewis P.C.
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
Monica.Khetarpal@jacksonlewis.com
Raseq.Moizuddin@jacksonlewis.com